829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles E. IRVIN, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 Appeal No. 87-3299.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1987.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and SMITH, Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), Docket No. CH4328710018, upholding petitioner's removal from his position because of unacceptable performance, is affirmed.
 
 OPINION
 
 2
 Mr. Irvin was a Supervisory Electronics Technician at Wright-Patterson Air Force Base, Ohio. He was removed by the Air Force (under 5 U.S.C. Sec. 4301) for unsatisfactory performance in one sub-element of one critical element of his position. The particular critical element concerned responsibility for maintaining and upgrading audiovisual facilities, and the significant sub-element (in which he was found inadequate) was "Written requirements for new equipment/parts must be clearly understandable and of good quality."
 
 
 3
 On appeal to the MSPB, the administrative judge determined (on the basis of the written submissions) that (i) petitioner's performance in that sub-element was unacceptable, (ii) that particular sub-element was "a vitally important component" of the specified critical element, (iii) such unacceptable performance in that one sub-element warranted an unacceptable rating in the critical element as a whole, and (iv) accordingly, the agency was entitled to remove petitioner. Substantial evidence supports each of these determinations. It is plain, moreover, that the critical element as to responsibility for maintaining and upgrading the existing audiovisual facilities was a part of petitioner's job description, and also that he knew of that requirement, as well as of the sub-element that his writing with respect to new equipment and parts had to be adequate. Prior to his removal, his supervisor had specifically warned him of the criticality of this requirement, and of the unacceptability of his performance in that respect. He was given a substantial period of time in which to improve, as well as special counselling and instruction. Nevertheless, there is adequate evidence that he did not sufficiently improve.
 
 
 4
 True, Mr. Irvin's performance appears to have been acceptable in the other critical elements of his job, as well as in the other sub-elements of the one critical element in question. But this court has expressly held that (a) an agency may remove an employee under 5 U.S.C. Sec. 4301 for unacceptable performance in a single critical element of his position (Lovshin v. Department of the Navy, 767 F.2d 826, 834 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1523 (1986)), and also that (b) inadequacy in a single sub-element of one critical element can be so important as to render unacceptable the employee's performance of that entire critical element. Adkins v. Department of Housing and Urban Dev., 781 F.2d 891, 895-96 (Fed.Cir.1986). That is precisely what the Board permissibly found in Irvin's case.
 
 
 5
 Similarly, it may be that petitioner could well have been demoted rather than completely terminated, but we have ruled that neither the MSPB nor this court has authority to mitigate the agency's choice of removal in an unacceptable performance case. Lisiecki v. Merit Systems Protection Board, 769 F.2d 1558 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1514 (1986).